UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGINA MCCAFFERY,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                                       11 CV 703 (DRH) (WDW)
          - against -

MARC MCCAFFERY,

                Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**Attorneys for Plaintiff:**

**CHALOS & CO., P.C.**
55 Hamilton Avenue
Oyster Bay, New York 11771
By:    George M. Chalos, Esq.

**GREENBERG TRAURIG, PA**
625 East Twiggs Street
Suite 100
Tampa, Florida 33602
By:    David B. Weinstein, Esq. (*Pro Hac Vice*)
           Christopher Torres, Esq. (*Pro Hac Vice*)
           John Wirthlin, Esq. (*Pro Hac Vice*)

**Attorneys for Defendant:**

**EATON & VAN WINKLE LLP**
3 Park Avenue, 16th Floor
New York, New York 10016
By:    Robert N. Swetnick, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Regina McCaffery ("plaintiff") commenced this diversity action against her brother, defendant Marc McCaffery ("defendant"), seeking a partition, sale, and purchase of certain real property they own as tenants in common, as well as a declaratory judgment. In the

alternative, plaintiff asserts a cause of action for unjust enrichment and seeks the dissolution of an at-will partnership. In his Answer to the Amended Complaint, defendant interposed two counterclaims and asserted several affirmative defenses. Presently before the Court is plaintiff's motion to dismiss defendant's counterclaims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and to strike defendant's affirmative defenses pursuant to Rule 12(f). For the reasons set forth below, plaintiff's motion is granted in part and denied in part. Specifically, plaintiff's motion to dismiss defendant's counterclaims is granted, and plaintiff's motion to strike defendant's affirmative defenses is denied.

## BACKGROUND

The following facts are drawn from the allegations contained in the Amended Complaint and the Answer to the Amended Complaint.

### *The Amended Complaint*

Plaintiff and defendant are siblings. On October 31, 1997, they entered into a Contract of Sale to purchase real property located at 27-1 Mitchell Road, Westhampton Beach, New York 11978 (the "Property"). Plaintiff alleges that she and defendant purchased the Property as tenants in common for the purposes of: (1) providing a residence for their mother, non-party Barbara McCaffery, and (2) to "receive the long-term benefits of the [P]roperty's appreciation." (Am. Compl. ¶ 2.)

To fund the purchase of the Property, plaintiff and defendant executed a promissory note in favor of Long Island Savings Bank in the original principal amount of $198,000 (the "First Note"). At the same time, plaintiff and defendant delivered a mortgage (the "First Mortgage") to Long Island Savings Bank to secure payment of the First Note. Plaintiff and defendant also

2

executed a second promissory note in favor of Rocco Oliverio in the principal amount of $28,000 (the "Second Note") and delivered a mortgage to Oliverio (the "Second Mortgage") to secure payment of the Second Note. Plaintiff alleges that she made all the payments under both the First and Second Mortgages. The Second Mortgage was fully satisfied on December 13, 2002. (Am. Compl. ¶ 19.)

On March 24, 2003, plaintiff and defendant refinanced the Property by executing a promissory note in favor of Ohio Savings Bank in the principal amount of $225,000 (the "Third Note"). Plaintiff and defendant delivered to Ohio Savings Bank a mortgage (the "Third Mortgage") securing the payment of the Third Note. By refinancing the Property, the First Mortgage was fully satisfied. (*Id.* ¶ 23.)

In her Amended Complaint, plaintiff asserts that $420,324.65 has been paid to purchase and maintain the Property since 1998, and that she has contributed more than 95% of that amount. (*Id.* ¶¶ 25, 26.) She also alleges that in late 2005, Barbara McCaffery asked plaintiff and defendant to secure a home equity line of credit on the Property to help her pay off her debts. (*Id.* ¶ 29.) Defendant refused to cooperate and, as a result, plaintiff "agreed to personally incur Barbara's debt obligations" thereby causing plaintiff to incur financial strain. (*Id.* ¶¶ 36, 37.) In August 2010, plaintiff informed defendant that she wished to refinance the Property again so that she could use some of the Property's "equity cushion" to "repay herself the money that she expended for her mother's debts." (*Id.* ¶¶ 39, 40.) Defendant refused to agree to plaintiff's refinancing proposal. Thereafter, plaintiff requested that defendant "provide a reasonable buy-out offer based on his minimal contributions to the Property," but defendant refused. (*Id.* ¶¶ 43, 44.)

In the Amended Complaint, plaintiff seeks a partition and sale of the Property and requests a division of the sale proceeds "according to [the parties'] respective rights, contributions, and interests in the Property." (*Id.* ¶ 54(f).) Plaintiff also seeks a declaratory judgment requiring defendant to reimburse plaintiff "for her disproportionate contributions to the Property." (*Id.* 62(d).) In the alternative, plaintiff asserts a claim of unjust enrichment and seeks the dissolution of "an at-will partnership," namely, the "oral partnership agreement" plaintiff and defendant purportedly entered into when they purchased the Property. (*Id.* ¶ 69.)

*Defendant's Counterclaims and Affirmative Defenses*

In his Answer to the Amended Complaint, defendant alleges that plaintiff was required to collect rental monies from Barbara McCaffery, who resided in the Property, and that plaintiff was further required to "contribute [money to cover] any shortfall or deficiency" between that collected rental income and any expenses associated with the Property. (Ans. ¶ 51.)[1] Against that factual backdrop, defendant asserts in his first counterclaim that plaintiff breached a "fiduciary duty and obligation" by failing "to account for all funds she collected and expended relating to the Property" since its purchase in 1997. (*Id.* ¶ 54.) Defendant's second counterclaim seeks "a formal accounting for all funds received and expended by Plaintiff . . . relating to the Property since the date of its purchase." (*Id.* ¶ 60.) In her motion to dismiss the counterclaims, plaintiff asserts that defendant has "failed to meet the minimum pleading requirements for those counterclaims." (Pl.'s Mem. at 2.)

---

[1] According to defendant, plaintiff used the Property on weekends or at other times when she traveled to New York from Florida. (Ans. ¶ 50.) Defendant asserts that plaintiff's obligation to pay for any expenses not covered by the rental income flowed from her use and enjoyment of the Property in that respect. (*Id.* ¶ 51.)

Defendant also asserted seven affirmative defenses: (1) lack of jurisdiction due to improper service, (2) failure to state a claim upon which relief can be granted, (3) improper venue, (4) inconvenient forum, (5) laches, (6) statute of limitations, and (7) the statute of frauds. Plaintiff asserts that defendant "has not pled facts sufficient to assert a single affirmative defense." (Pl.'s Mem. at 5.)

## DISCUSSION

### I. Plaintiff's Motion to Dismiss Defendant's Counterclaims

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46) (internal quotation marks omitted). Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief

5

>above the speculative level, on the assumption that all the
>allegations in the complaint are true (even if doubtful in fact).

*Id*. at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The Court defined plausibility as follows:

>A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

6

### B. The First Counterclaim – Breach of Fiduciary Duty

"Under New York law, to state a cognizable claim for [breach of a] fiduciary duty, a plaintiff must allege three elements: (1) the existence of a fiduciary relationship; (2) [a] knowing breach of a duty that relationship imposes; and (3) damages suffered." *Nay v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2006 WL 2109467, at *6 (S.D.N.Y. July 25, 2006) (internal quotation marks omitted). The thrust of plaintiff's motion to dismiss is that defendant has failed to allege the existence of a fiduciary relationship between the plaintiff and defendant because "a tenancy in common alone does not create a fiduciary relationship." (Pl.'s Mem. at 3-4.)

As plaintiff correctly notes, under New York law the existence of a tenancy in common, standing alone, is insufficient to create a fiduciary relationship between two parties. *See Berghaus v. Berghaus*, 255 A.D. 851, 851 (2d Dep't 1938). This is true even where, as here, the tenants in common are siblings. *Id.; see also Van Duzer v. Anderson*, 282 A.D. 779, 779 (2d Dep't 1953) (Nolan, P.J., dissenting). A fiduciary relationship may exist, however, "where there is something in addition to the existence of the mere tenancy in common." *Berghaus*, 255 A.D. at 851. For example, "[f]amily members stand in a fiduciary relationship toward one another in a co-owned business venture." *Braddock v. Braddock*, 60 A.D.3d 84, 88 (1st Dep't 2009). Indeed, defendant seems to suggest that is the case here, arguing: "As a sibling in a joint investment and as a partner, the plaintiff is [defendant's] fiduciary." (Def.'s Opp'n at 8.)

"A joint venture is a special combination of two or more persons where in some specific venture a profit is jointly sought." *Gramercy Equities Corp. v. Dumont*, 72 N.Y.2d 560, 565 (1988) (internal quotation marks omitted). Plaintiff's own allegations make clear that the parties did not purchase the Property solely as a residence for their mother – the parties also intended to

7

"receive the long-term benefits of the property's appreciation." (Am. Compl. ¶ 3.) This would suggest that plaintiff and defendant's purchase of the Property was, to some extent, a "specific venture [for which a profit is jointly sought]." *See Gramercy*, 72 N.Y.2d at 565.

Plaintiff asserts that even if she and her brother did enter into some form of a joint venture or partnership when they purchased the Property, the purpose of such a joint venture or partnership was to enjoy any benefits from the Property's appreciation in value – not to earn a profit from their mother's rental payments. (*See* Reply at 3-4 ("[C]ollecting rent from your mother is not a business venture.") Defendant's own allegations lend support for this assertion. In his Answer to the Amended Complaint, defendant avers that the rental income collected from Barbara McCaffery was not meant to constitute a profit for the parties, but was intended only to "pay all mortgage payments, taxes, maintenance/common charges and utilities" for the Property. (Ans. ¶ 48.) Thus, even assuming *arguendo* that the parties had entered into a joint venture or partnership with respect to their purchase of the Property for investment purposes and, thus, a fiduciary relationship existed between the parties to that limited extent, defendant has not alleged that the parties entered into a joint venture to profit from their mother's rental payments and, by extension, cannot make a showing that a concomitant fiduciary relationship existed with respect to plaintiff's purported obligation to collect rental income from their mother.

Moreover, even if the plaintiff and defendant were in a fiduciary relationship stemming from their joint purchase of the Property for investment purposes, defendant has not articulated how any obligation on the part of plaintiff to collect and account for rental income from Barbara McCaffery would constitute a "recognized fiduciary duty" that flowed from that fiduciary relationship. (*See* Reply at 4.) Put another way, even assuming *arguendo* that plaintiff and

8

defendant could be considered to be in a fiduciary relationship with each other to the extent that they purchased the Property for investment purposes, defendant has not sufficiently alleged that any failure by plaintiff to collect and/or account for rental income from Barbara McCaffery constituted a "knowing breach of a duty that [fiduciary] relationship imposes." *See Nay*, 2006 WL 2109467 at *6.

Thus, plaintiff's motion seeking the dismissal of defendant's first counterclaim is granted.

### C. *The Second Counterclaim – Accounting*

In defendant's second counterclaim, he alleges that he "is entitled to a formal accounting for all funds received and expended by [plaintiff] relating to the Property since the date of its purchase." (Ans. ¶ 60.) "Under New York law, the elements of a claim for an equitable action for an accounting are: (1) a relationship of a fiduciary or confidential nature; (2) money or property entrusted to the defendant imposing upon him the burden of accounting; (3) the absence of an adequate legal remedy; and (4), in some cases, a demand for an accounting and a refusal." *Matsumura v. Benihana Nat'l Corp.*, 2007 WL 1489758, at *4 (S.D.N.Y. May 21, 2007).

Here, as plaintiff points out, defendant has failed to allege that he ever made a demand for an accounting, or that he made such a demand and plaintiff refused to comply. *See Gross v. Gross*, 833 N.Y.S.2d 564, 564 (2d Dep't 2007) (affirming dismissal of accounting claim when amended petition contained no allegation "of a demand and a refusal"); *Hart v. Scott*, 778 N.Y.S.2d 718, 719 (2d Dep't 2004) (affirming dismissal of cause of action for accounting based

9

upon plaintiff's "failure to allege that she had demanded an accounting or that the defendants refused to provide her with an accounting").[2]

Plaintiff further asserts that defendant cannot "establish a fiduciary relationship by simply asserting – without more – that the parties entered into an agreement that entrusted [plaintiff] with the obligation to account [for] and collect rental income." (Pl.'s Mem. at 4.) Defendant may not maintain an action for an accounting against plaintiff if the parties enjoyed merely a contractual, as opposed to fiduciary, relationship. *See Rodgers v. Roulette Records, Inc.*, 677 F. Supp. 731, 739 (S.D.N.Y. 1988). Defendant insists that he is not asserting a counterclaim sounding in breach of contract. (Def.'s Opp'n at 10.) Rather, defendant contends that "plaintiff, as a fiduciary, is obligated to account to [defendant]" pursuant to New York Partnership Law §§ 42-44. (*Id.*) This argument merely assumes that plaintiff and defendant were "partners." As discussed above, however, defendant has not sufficiently alleged that the parties entered into a partnership or joint venture for the purpose of collecting and profiting from rental income derived from their mother.

Having concluded that defendant's allegations are insufficient to meet either the first or the fourth elements of a cause of action for an accounting, the Court need not examine the remaining elements of the claim. Plaintiff's motion to dismiss defendant's second counterclaim is granted.

---

[2] Defendant's reliance on *Zulawski v. Taylor*, 11 Misc.3d 1058(A), 815 N.Y.S.2d 496 (N.Y. Sup. Ct. 2005) (unpublished) for the proposition that "no demand for an accounting is required" is misplaced. (*See* Def.'s Opp'n at 10.) In that case, the court noted that "[t]he developing case law in New York appears to eliminate the necessity [for a demand and refusal] where a demand would be futile under the circumstances." *Zulawski*, 11 Misc.3d 1058(A) at *10. Defendant has failed to explain why a demand for an accounting would have been futile in this case.

## II. Plaintiff's Motion to Strike Defendant's Affirmative Defenses

### A. Legal Standard for the Motion to Strike Pursuant To Rule 12(f)

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986). Such a motion "will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Id.* (quoting *Durham Indus., Inc. v. N. River Ins. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979)). "Three prerequisites must be satisfied before a court may grant a motion to strike defenses." *F.D.I.C. v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. 1997). A plaintiff must show that: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Houston v. Manheim-New York*, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010) (citing *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)).

"In considering the sufficiency of a defense under the first two prongs of the analysis, courts apply the same standard applicable to a motion to dismiss pursuant to Rule 12(b)(6)." *Coach, Inc. v. Kmart Corps.*, 2010 WL 4720325, at *2 (S.D.N.Y. Nov. 16, 2010). With respect to the third prong, courts within this circuit have found that "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense." *Id.* (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999)).

### B. Defendant's "Failure to State a Claim" Affirmative Defense

Plaintiff moves to strike defendant's "failure to state a claim" affirmative defense on the grounds that the factual allegations in her Amended Complaint "meet the *Iqbal* standard," and that defendant "fails to state any reason why [plaintiff] has not met the requisite pleading standards." (Pl.'s Mem. at 7.) "The language of [Rule] 12(b)(6) can be used on a motion to dismiss or as an affirmative defense at the pleader's option." *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002). "Furthermore, it is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." *Id.* (quoting *S.E.C. v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)). "Although the defense is arguably redundant in that it is essentially a general denial, there is no prejudicial harm to plaintiff and the defense need not be stricken." *Id.* at 153-54 (quoting *Oppel v. Empire Mut. Ins. Co.*, 92 F.R.D. 494, 498 (S.D.N.Y. 1981) and citing *Simon v. Mfrs. Hanover Trust Co.*, 849 F. Supp. 880, 882 (S.D.N.Y. 1994)). Thus, plaintiff's motion to dismiss defendant's second affirmative defense is denied.

### C. Defendant's Remaining Affirmative Defenses

Defendant also asserts the following affirmative defenses: (1) lack of jurisdiction due to improper service of process; (2) improper venue and inconvenient forum; (3) laches; (4) statute of limitations; and (5) statute of frauds. As set forth above, a plaintiff seeking to strike affirmative defenses pursuant to Rule 12(f) must demonstrate that it "would be prejudiced by inclusion of the defense." *Manheim-New York*, 2010 WL 744119 at *3. As defendant points out, plaintiff does not proffer any argument or assertion that she would be prejudiced by the inclusion

of these affirmative defenses. Accordingly, plaintiff's motion to strike defendant's remaining affirmative defenses is denied.

## *CONCLUSION*

For the reasons set forth above, plaintiff's motion to dismiss defendant's counterclaims pursuant to Rule 12(b)(6) is granted. Plaintiff's motion to strike defendant's affirmative defenses pursuant to Rule 12(f) is denied.

The Court has received plaintiff's pre-motion conference letter requesting leave to move for summary judgment, as well as defendant's letter in response. The Court hereby waives its pre-motion conference requirement and sets the following briefing schedule on plaintiff's motion for summary judgment: Plaintiff shall serve (but not file) moving papers on or before September 10, 2012; Defendant shall serve (but not file) opposition papers on or before October 11, 2012; plaintiff shall serve reply papers, if any, and file all papers with the Court, including a courtesy copy to Chambers on or before October 26, 2012. The motion shall not be filed until it is fully briefed, in accordance with the Court's "bundle rule."

**SO ORDERED.**

Dated: Central Islip, New York
       August 8, 2012                                                         /s/
                                                                      Denis R. Hurley
                                                                       Unites States District Judge