UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
REGINA MCCAFFERY,

                Plaintiff,                         **MEMORANDUM AND ORDER**
                                                                         11 CV 0703 (DRH) (AYS)

        - against -

MARC MCCAFFERY,

                Defendant.
----------------------------------------------------------------X

**APPEARANCES:**

**Greenberg Traurig PA**
Attorneys for Plaintiff
625 E. Twiggs Street, Suit 100
Tampa, FL 33602
BY:    Christopher Torres, Esq.
        David Barnett Weinstein, Esq.
        John A. Wirthlin, Esq.

**Chalos & Co., P.C.**
Attorneys for Plaintiff
55 Hamilton Avenue
Oyster Bay, NY 11771
BY:    George M. Chalos, Esq.

**Eaton & Van Winkle LLP**
Attorneys for Defendant
3 Park Avenue, 16th Floor
New York, NY 10016
BY:    Robert N. Swetnick, Esq.


**HURLEY, Senior District Judge:**

      Regina McCaffery ("plaintiff") and Marc McCaffery ("defendant") are adult siblings who

purchased a condominium at 27-1 Mitchell Road, Westhampton Beach, New York ("the

property") in which their mother Barbara McCaffery ("Barbara") currently resides. Plaintiff

commenced this diversity action against defendant seeking partition, sale, and purchase of the property. In the alternative, plaintiff asserts a cause of action for unjust enrichment and seeks dissolution of an at-will partnership formed between her and defendant pursuant to N.Y. Gen. Partnership Law §§ 10-11. On March 21, 2014, the Court denied plaintiff's motion for summary judgment on its claims. Presently before the Court is defendant's motion to bifurcate the trial pursuant to Federal Rule of Civil Procedure 42(b). For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

The Court assumes familiarity with the facts as contained in its Order of March 21, 2014.

## DISCUSSION

### I. *Bifurcation Standard*

Bifurcation is governed by Rule 42(b) of the Federal Rules of Civil Procedure which provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

"[W]hether to bifurcate a trial . . . is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.,* 862 F.2d 10, 15 (2d Cir. 1988). "To determine whether bifurcation is warranted, courts generally consider the following three factors: '1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses.'" *WeddingChannel.Com Inc. v. The Knot, Inc.,* 2004 WL 2984305, at *1

(S.D.N.Y. Dec 23, 2004) (quoting *Gaus v. Conair Corp.,* 2000 WL 1277365, at *3 (S.D.N.Y. Sept. 7, 2000)). "[T]he moving party bears the burden of establishing that bifurcation is warranted." *Id.* Generally, bifurcation "is the exception, not the rule." *Id*.

## II. *Whether Bifurcation is Warranted*

As discussed in the Court's Summary Judgment Order, plaintiff and defendant are tenants in common of the property, and normally tenants in common share the proceeds of a partition sale in direct proportion to their ownership interest, which for each is one half. Plaintiff, however, claims that she is entitled to more than one half of the sale proceeds as reimbursement from the defendant for payments she made on behalf of Barbara in excess of her one-half legal interest. Defendant responds that no such adjustment is warranted because he and plaintiff verbally agreed that his cash contribution to the property would be limited to a $10,275 down payment and Barbara was to pay the monthly mortgage payment and homeowner's association dues and other expenses with any shortfall to be paid by the plaintiff.

"Defendant, Marc, proposes to try separately first the issue of whether there was an agreement between Plaintiff, Regina, and Defendant, Marc, as to the responsibility to pay those expenses of the Property which Barbara did not pay and, if so, its terms." (Def.'s Mem. in Supp. at 1-2.) Defendant suggests that "[a]ll other issues, including what expenses were paid, the amount of payment, and whether the payments were by the Plaintiff or by the Parties' mother, Barbara, would be deferred to a second trial, if needed." (*Id*. at 2.) Presumably, this second trial would not be needed if defendant succeeded in the first trial in convincing the trier of fact of the existence of the aforementioned verbal agreement. As defendant describes, "if such an agreement

3

were found to have been made, there would be no need to take evidence as to the source of funds or Plaintiff's alleged disproportionate expenditures or to determine what adjustment if any should be made to the distribution of the sale price to the Parties." (Def.'s Mem. in Supp. at 18.)

Additionally, defendant argues that bifurcation is necessary to avoid the prejudice that "would occur if the Court were to allow the extensive and convoluted presentation of Plaintiff's unsupported allegations of her payment of expenses of the property to bleed into and confuse the straightforward determination of whether the Parties had an agreement as to who would pay the expenses." (*Id*. at 19-20.) Moreover, defendant argues that "it is also economically fair not to unnecessarily drag Defendant through the expensive and time-consuming arguments relating to expenses." (*Id*.) Furthermore, defendant argues that "[b]ifurcation would result in economy by avoiding in the first trial extensive disputes and determination of the admissibility of the 488 pages of exhibits that Plaintiff asserts support her claim for adjustment of the distribution of the sale price proceeds, but which do no such thing." (*Id*.) Finally, defendant states that "the proposed separate trial would: (1) expedite, rather than delay, the proceedings; (2) will not result in the duplication of evidence; (3) will not create the risk of inconsistent verdicts; and (4) would not deprive a party of any right to a jury trial." (*Id*.)

Plaintiff argues in response that "bifurcation prejudices Plaintiff by reversing the order of trial presentation based solely on Defendant's assertion that he entered into an oral agreement when there is no such evidence of an oral agreement, only his argument." (Pl.'s Mem. in Opp'n at 7.) Additionally, plaintiff contends that "[b]ifurcation would confuse the jury by limiting evidence at trial in a manner that results in the incompleteness of evidence before the jury" and it

4

would "not result in judicial economy, particularly if – as the evidence will dictate – there is no oral agreement and the trial must necessarily continue." (*Id.*) Plaintiff also points out that "[b]ifurcation would result in the duplication of evidence, as an area to be considered in determining an oral agreement is the parties' course of conduct, which would have to be addressed at the two trials Defendant seeks." (*Id.* at 8.)

The Court acknowledges that "bifurcation is . . . the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Lewis v. City of New York*, 689 F. Supp. 2d 417, 428 (E.D.N.Y. 2010). "Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time." *Id.* However, "Rule 42(b) is sweeping in its terms and allows the district court, in its discretion, to grant *a separate trial of any kind of issue in any kind of case*." *Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 335, 339 (S.D.N.Y. 2013) (emphasis added) (quoting 9A Charles Alan Wright, et al., Federal Practice and Procedure: Civil 3d § 2398, at 126 (2008)); *see also* 8–42 Moore's Federal Practice—Civil § 42.20[5][a] ("Not only does the court have discretion to bifurcate claims or issues traditionally considered to be divisible, such as liability and damages, but also, to separate for trial virtually any other issue that it thinks proper."). Specifically, the Second Circuit has stated that "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . . ." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).

The Court will bifurcate the trial as requested by defendant because it could potentially eliminate the need for a trial on many of the disputed issues, for if the trier of fact were to find that

there was an oral agreement between the parties as described by the defendant, there would be no need for a trial to determine the amount of sale proceeds owed to plaintiff. Thus, bifurcation is warranted because it would potentially expedite this litigation. *See Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993 (9th Cir. 2001) (holding that the district court's decision that "before addressing any of the parties' claims, an initial determination should be made whether the parties had entered into a valid agreement and, if so, what that agreement entailed" was "a reasonable way to promote clarity and judicial economy, because the validity of the contract directly informed the resolution of the other claims"). Moreover, as defendant points out, bifurcation could avoid "extensive disputes and determination of the admissibility of the 488 pages of exhibits that Plaintiff asserts support her claim for adjustment of the distribution of the sale price proceeds." (Def.'s Mem. in Supp. at 20.) Even if the second trial is necessary, the Court is not convinced that first trying the question of whether there was an agreement would prejudice the plaintiff rather than simplify the issues before the jury. Moreover, the Court is not persuaded that any overlap in the presentation of evidence as to the parties' course of conduct, the extent of which plaintiff has not addressed, outweighs the benefits of bifurcation. Furthermore, plaintiff has not provided any explanation regarding or support for her claim that bifurcation would result in inconsistent verdicts and deprivation of a right to a jury trial. As a result, the Court grants defendant's motion to bifurcate the trial.

## *CONCLUSION*

For the reasons set forth above, defendant's motion to bifurcate the trial is granted. This matter is referred back to Magistrate Judge Shields for all remaining pre-trial supervision.

**SO ORDERED.**

Dated: Central Islip, New York
April 21, 2015

/s/
Denis R. Hurley
United States District Judge