FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 02 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
REGINA MCCAFFERY,

                Plaintiff,

-against-

MARC MCCAFFERY,

                Defendant.
-----------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**
11-cv-00703 (AMD) (AYS)

**Ann M. Donnelly, United States District Judge:**

On February 11, 2011, the plaintiff commenced this action against the defendant for partition and declaratory judgment arising from the parties' ownership of real property in Westhampton Beach, New York. (ECF No. 1.) In June 2017, the parties went to trial before a jury in the liability phase of trial.[1] On June 30, 2017, the jury found for the plaintiff, rejecting the defendant's claim of a verbal agreement that limited the defendant's contribution to the property and entitled him to half of the net proceeds of a sale or partition. (ECF No. 109.)

On October 16, 2017, the defendant filed a motion to dismiss the causes of action in the complaint and limit the applicable period of damages under any surviving causes of action. (ECF No. 113.) On March 16, 2018, United States Magistrate Judge Anne Y. Shields issued a Report and Recommendation in which she recommended that the defendant's motion to dismiss be granted in part and denied in part. (ECF No. 116.) Neither side has filed objections to the Report and Recommendation, and the time for doing so has passed. (ECF No. 116.)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

---

[1] Judge Hurley granted the defendant's motion to bifurcate liability and damages. (ECF No. 83.)

1

28 U.S.C. § 636(b)(1)(C). Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have carefully reviewed Judge Shields's thorough and well-reasoned Report and Recommendation for clear error, and find that there is none. Accordingly, I adopt the Report and Recommendation in its entirety. The defendant's motion to dismiss the complaint as untimely and for failure to join a necessary party, and to limit the period of damages is denied. This matter is to proceed to an accounting. After the accounting, an interlocutory judgment is to be entered directing the Property be appraised and sold at public auction, with the parties thereafter receiving their equitable share in the proceeds in accordance with the accounting. The interlocutory judgment is to be without prejudice to the parties agreeing to enter into a private sale of the Property.

**SO ORDERED.**

                                                     s/Ann M. Donnelly
                                                   Ann M. Donnelly
                                                   United States District Judge

Dated: Brooklyn, New York
        April 2, 2018